Opinion of the Court, by
Ch. J. Boyle.
Poague and Richardson entered into an agreement under seal, in which Richardson, among other things, covenanted, on his part, to give to Poague a bond on Abel Westfall for 1,000 acres of land lying in the military boundary, &c.; “which land (as is stated in the agreement) was to be conveyed to Poague by assignment of the plat, or by deed, clear of expence.” On this agreement, Poague brought an action of covenant, to which Richardson pleaded covenants performed, and issue was thereupon joined to the country.
On the trial, Richardson proved that he had assigned the bond on Westfall for 1,000 acres of land to Poague, but gave no evidence of a conveyance having been made of the land, by assignment of the plat and certificate or by deed, nor of his having paid any money for the expence of the conveyance. Poague demurred to the evidence, and Richardson joined in the demurrer. The jury was then discharged from giving a verdict, and the court below gave judgment upon the demurrer, in favor of Richardson; from which judgment this appeal is prosecuted.
The question in this case turns upon the construction of that clause of the agreement, in which it is stated that the land was to be conveyed by assignment of the plat, or by deed, clear of expence, and upon the legal effect of the evidence offered by Richardson in support of the issue. The clause referred to, is, without doubt, to be construed as a covenant on the part of Richardson; but whether it should be construed to be a cove *135 nant that the land should be conveyed, as well as that the expence of the conveyance should be paid, as was urged on the part of Poague; or, that it should extend only to the expence of the conveyance, as was contended on the other side, is a point of some doubt. We are, however, inclined to the opinion that the covenant ought to be construed to extend to the conveyance, as well as to the expence attending the conveyance. If it were the intention of the parties to limit the covenant to the expence of conveyance, they have certainly been unfortunate in the selection and arrangement of the language they have used to indicate their intention. Had Richardson covenanted to pay the expences of the conveyance, instead of covenanting that the land should be conveyed by assignment of the plat, or by deed, clear of expence, there would have been no ambiguity in the language of the covenant; and if such had been the intention of the parties, nothing would apparently have been more easy or natural, than to have expressed it in that, or similar language. But, on the contrary, if the intention of the parties was, as we suppose it to have been, to extend the obligation of the covenant to the conveyance of the land, as well as to the payment of the expence of the conveyance, the language of the covenant, though not as explicit as it might have been, is such as we would naturally expect to be used by men not very accurate in the expression of their ideas. Had the covenant been, that the land should be conveyed, without more being added, it would have admitted of no doubt, that Richardson would be responsible, in case the conveyance was not made. Can, then, the addition of the rest of the sentence make any difference in his obligation in this respect? It would seem not; for the residue of the sentence only designates the mode in which the conveyance shall be made, without implying a negative upon the former part. A covenant that an act shall be done according to a given mode, is, in the nature of the thing, a covenant that the act shall be done. But were the covenant to be construed to extend only to the payment of the expence of the conveyance, the evidence offered by Richardson would nevertheless seem insufficient to support the issue on his part. It is true, upon that construction of the covenant, the conveyance might properly be considered as an act precedent to the payment of the expence; and the precedent *136 act not being done, would be a sufficient excuse for not doing that which depended upon it. But upon a plea of performance, evidence of matter which shows a reason for not performing the covenant, will not support the issue; for, in truth, instead of supporting, it negatives the issue. We think, therefore, that the judgment on the demurrer to evidence ought to have been for Poague.
Matter showing a reason for not performing a covenant, is inadmissible under the plea of covenants performed, because it negatives, instead of supporting the issue.
*136 Judgment reversed.